## KHAN v. LEO FEIST, Inc. et al.

District Court, S. D. New York.

July 13, 1948.

See also 70 F.Supp. 450.

Emil K. Ellis, of New York City (Emil K. Ellis, of New York City, Abraham J. Heller, of Brooklyn, N. Y., and Jonas Ellis, Myron A. Ellis, and Abraham Beital, all of New York City, of counsel), for plaintiff.

Abeles & Bernstein, of New York City (Arnold J. Bernstein, Julian T. Abeles, and Benjamin G. Weil, all of New York City, of counsel), for defendant Leo Feist, Inc.

BYERS, District Judge.

This case is now before the Court on a plaintiff's motion to rectify an order made by the Master limiting the accounting period on the part of the defendants so as to commence on April 21, 1945. The order

is accompanied by an opinion which carefully presents the questions of law deemed to be involved in the somewhat unusual situation with which his appointment confronts him. He deems it requisite to decide those questions in order that his duties may adequately be discharged, and states that the situation is sufficiently unusual to justify an application to the Court for ad interim instructions.

The precaution thus taken by the Master is entirely commendable, and reflects only a sincere purpose to confine his functions to the plain requirements of the litigation. If they were that, perhaps the method chosen could be sanctioned, but they are not seen so to be.

If such a course were to be charted as would simplify the task, and an intermediate order were to be entered at this time defining the precise limits of the relief to be accorded to the plaintiff, and that order were later to be found improvident, the task would have to be performed over again, at an ultimate sacrifice of time and labor. That is a possible development which ought to be avoided.

It is the opinion presently held, that the Master can take testimony and formulate his report under the authority of his present appointment as follows:

. I. As to the effective date of the plaintiff's copyright: Take and separately state the subject-matter of his order of May 21, 1948, in two items, (1) from March 1, 1943, to April 21, 1945, and (2) from the latter date.

The total of these can be stated, and if on final determination the first of the two is decided to be improperly included, a proper deduction can be made. Thus all data will be presented to the Court which finally determines the terms of the plaintiff's decree, and there will be no requirement for rehearing before the Master.

I am not unaware of the force of the argument made in the Master's opinion to confine the plaintiff's relief to the second item, but am unwilling to indulge in mesne adjudication even to relieve the defendants of that which they prefer not to disclose. The equities are at least mutual since the defendant Amsterdam deliberately lifted something which he is chargeable with knowing was not in the public domain, and if the defendant Feist chose to acquire his wares without seeking information as to their copyright status, it has no just complaint if called upon to reveal its financial operations resulting therefrom.

Seemingly there is no decision which squarely decides the issue, for the Master so states.

That being so, this Court should not now determine that the Trinidad copyright, which has been found valid, is lacking protection although fortified by later United States copyright, against infringement during the interval between the two governmental actions which had for their object the protection of the copyright owner against those who chose to appropriate his property.

That subject will be adjudicated when final action is taken upon the Master's report.

II. As to profits derived from public performance, and recording rights, etc.:

Until the facts are shown, and the profits derived from each of such activities, and *the precise nature of the latter* are tabulated, the Court cannot frame a suitable decree. Corcoran v. Montgomery Ward & Co., Inc., et al., 9 Cir., 121 F.2d 572, is not the law of this Circuit so far as I am advised. I hesitate to believe, for instance, that the copyright of a book could be avoided by reading it over the radio to a public audience, instead of printing it. In other words, we are dealing with a concrete situation, and must know what the facts are, before their legal effect can be adjudicated; namely, what and how many performances were rendered, and their nature, and what and how many recordings were made, and of what kind, and what the financial avails were *of each such activity*.

III. As to the computation of plaintiff's damages:

It is hard for me to see how there can be anything esoteric in the second paragraph of the decree which directs the defendants to pay "such sums as may be found due, as well as such damages as

were caused * * *, to be computed as ordered herein".

The only computation ordered is by the Master; therefore he is expected to compute the damages, having first satisfied himself from competent evidence, that such damages were suffered.

The order dated May 21, 1948, of the Special Master, is hereby superseded, and he is directed to take testimony and report in accordance with the foregoing, and if an order is deemed necessary to dispose of the plaintiff's motion, it is to be settled on notice, and is to embody the directive portions of the foregoing.